IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-01297-MEH

RORY K. WAGNER, and
JOANN M. WAGNER,

      Plaintiffs,

v.

UNIVERSAL FINANCIAL GROUP, INC., a Colorado corporation,
AURORA LOAN SERVICES LLC, a Colorado LLC,
MERSCORP HOLDINGS, INC., a Colorado corporation,
NATIONSTAR MORTGAGE, LLC, a Texas LLC, and
SHAWN DONOVAN, Secretary, U.S. Department of Housing & Urban Development, Conservator
for the Federal Home Loan Mortgage Corporation, a Federal Corporation and protected person,

      Defendants.

---

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

---

**Michael E. Hegarty, United States Magistrate Judge.**

Before the Court is the Plaintiffs' Opposed Motion to Escrow Mortgage Payments to

Defendant Nationstar Mortgage, LLC [filed October 10, 2014; docket #34], which the Court

construes as a motion for preliminary injunction pursuant to Fed. R. Civ. P. 65(a).[1]  Pursuant to 28

U.S.C. § 636(b)(1)(B) and D.C. Colo. LCivR 72.1C, the motion has been referred to this Court for

recommendation.  (Docket #36)  The Court finds that oral argument would not materially assist in

---

[1] Plaintiffs' motion cites no legal authority.  Pursuant to D.C.Colo.LCivR 7.1(d), a motion must "state under which rule or statute it is filed and be supported by a recitation of legal authority incorporated unto the motion."

the adjudication of the motion.  For the reasons that follow, this Court respectfully recommends that

the Plaintiffs' motion be **denied**.[2]

## BACKGROUND

Defendants removed this action from state Court on May 8, 2014.  (Docket # 1.)  Plaintiffs'

claims arise from a $291,000 loan obtained from Defendant Universal Financial Group, Inc.,

(Universal) on January 25, 2007 to refinance a property located in Manitou Springs, Colorado.

(Docket #3, ¶¶ 1 & 7.)  Plaintiffs allege that on January 28, 2007, they submitted a "Notice of Right

to Cancel" (Notice) under the Truth in Lending Act to Universal.  (*Id*. at ¶ 9.)  Universal allegedly

received the Notice on February 14, 2007, but did not rescind the transaction.  (*Id*. at ¶ 11.)  In order

to avoid foreclosure, Plaintiffs entered into a loan modification agreement with Defendant Aurora

Loan Services, LLC, in August 2008.  (*Id*. at ¶ 25.)  Based on the foregoing transactions, Plaintiffs

bring three claims against Defendants: (1) "recission," (2) quiet title declaratory judgment, and (3)

fraud or misrepresentation.  Defendants have filed a motion to dismiss on grounds that Plaintiffs are

---

[2]Be advised that all parties shall have fourteen (14) days after service hereof to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned.  Fed. R. Civ. P. 72.  The party filing objections must specifically identify those findings or recommendations to which the objections are being made.  The District Court need not consider frivolous, conclusive or general objections.  A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a de novo determination by the District Judge of the proposed findings and recommendations.  *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1).  Additionally, the failure to file written objections to the proposed findings and recommendations within fourteen (14) days after being served with a copy may bar the aggrieved party from appealing the factual findings of the Magistrate Judge that are accepted or adopted by the District Court.  *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *Niehaus v. Kansas Bar Ass'n*, 793 F.2d 1159, 1164 (10th Cir. 1986).

precluded because they filed a nearly identical lawsuit four years ago against Universal, and summary judgment was entered in Universal's favor. (Docket #13.)

Plaintiffs' present motion seeks an order from this Court permitting them to "escrow" their mortgage payments to Defendant Nationstar Mortgage, LLC, (Nationstar) by depositing them into Plaintiffs' counsel's COLTAF trust account. The motion is fully briefed. The Court is sufficiently advised and recommends as follows.

## DISCUSSION

A preliminary injunction is an extraordinary remedy that should be granted only when the moving party clearly and unequivocally demonstrates its necessity. *See Schrier v. Univ. of Colo.*, 427 F.3d 1253, 1258 (10th Cir. 2005). In the Tenth Circuit, a party requesting a preliminary injunction must clearly establish that: (1) the party will suffer irreparable injury unless the injunction issues; (2) the threatened injury outweighs whatever damage the proposed injunction may cause the opposing party; (3) the injunction, if issued, would not be adverse to the public interest; and (4) there is a substantial likelihood of success on the merits. *Id.* The burden is on the movant to establish his right to the relief requested. *Penn v. San Juan Hosp., Inc.*, 528 F.2d 1181, 1185 (10th Cir. 1975).

It is well established that "[b]ecause a showing of probable irreparable harm is the single most important prerequisite for the issuance of a preliminary injunction, the moving party must first demonstrate that such injury is likely before the other requirements for the issuance of an injunction will be considered." *Dominion Video Satellite, Inc. v. Echostar Satellite Corp.*, 356 F.3d 1256, 1260 (10th Cir. 2004) (citations omitted).

Here, the Plaintiffs must first show that they will suffer irreparable injury if their request for injunctive relief is denied. *Id.* at 1258. "To constitute irreparable harm, an injury must be certain,

great, actual 'and not theoretical.'" *Heideman v. S. Salt Lake City*, 348 F.3d 1182, 1189 (10th Cir. 2003) (quoting *Wisconsin Gas Co. v. FERC,* 758 F.2d 669, 674 (D.C. Cir. 1985)). Irreparable harm is more than "merely serious or substantial" harm. *Id.* (citation omitted). The party seeking the preliminary injunction "must show that 'the injury complained of is of such *imminence* that there is a clear and present need for equitable relief' to prevent irreparable harm." *Id.* (emphasis in original) (citation omitted).

Plaintiffs have neither alleged nor demonstrated any injury that will result from continuing to make mortgage payments to Nationstar, rather than having such payments deposited into their counsel's trust account. They will not be economically injured, as the relief they seek still requires them to make payments. In any event, economic loss is not irreparable harm. *See Heideman v. South Salt Lake City*, 348 F.3d 1182, 1189 (10th Cir.2003) ("[S]imple economic loss usually does not, in and of itself, constitute irreparable harm; such losses are compensable by monetary damages."). Because Plaintiffs have not established that irreparable harm will result from continuing to make any mortgage payments due to Nationstar, the Court recommends denying their request for injunctive relief.

## <u>CONCLUSION</u>

In sum, the Court concludes that Plaintiffs have not met their burden to show that a preliminary injunction is necessary in this case. Therefore, this Court respectfully RECOMMENDS that the District Court find the Plaintiffs have failed to demonstrate they are entitled to a preliminary injunction in this matter, and **DENY** the Plaintiffs' Opposed Motion to Escrow Mortgage Payments to Defendant Nationstar Mortgage, LLC [October 10, 2014; docket #34].

4

DATED this 17th day of November, 2014, in Denver, Colorado.

BY THE COURT:

Michael E. Hegarty
United States Magistrate Judge