IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-01297-MSK-MEH

RORY K. WAGNER, and
JOANN M. WAGNER,

      Plaintiffs,

v.

UNIVERSAL FINANCIAL GROUP, INC., a Colorado corporation,
AURORA LOAN SERVICES LLC, a Colorado LLC,
MERSCORP HOLDINGS, INC., a Colorado corporation,
NATIONSTAR MORTGAGE, LLC, a Texas LLC, and
SHAWN DONOVAN, Secretary, U.S. Department of Housing & Urban Development, Conservator
for the Federal Home Loan Mortgage Corporation, a Federal Corporation and protected person,

      Defendants.

---

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

---

**Michael E. Hegarty, United States Magistrate Judge.**

      Before the Court are Defendants Aurora Loan Services LLC, MERSCORP Holdings, Inc.,

and Nationstar Mortgage LLC's Motion to Dismiss Plaintiffs' Complaint Pursuant to Fed. R. Civ.

P. 12(b)(6) [filed May 29, 2014; docket # 13] and Plaintiffs' Motion for Leave to Amend Complaint

[filed October 10, 2014; docket #33].  Pursuant to 28 U.S.C. § 636(b)(1)(B) and D.C. Colo. L.Civ.R

72.1C, the motions have been referred to this Court for recommendation.  (Docket ## 35, 48.)  The

Court finds oral argument would not assist the Court in its adjudication.  For the reasons that follow,

the Court recommends the District Court **grant** Defendants' Motion to Dismiss and **deny** Plaintiffs'

Motion to Amend.[1]

---

[1] Be advised that all parties shall have fourteen (14) days after service hereof to serve and file any
written objections in order to obtain reconsideration by the District Judge to whom this case is

## BACKGROUND

This action, which was removed from state court on May 8, 2014, arises from an alleged identity theft and fraudulent loan scheme perpetrated against Plaintiffs in 2006 and 2007.  (Docket ##1, 3.)   In 2008, Plaintiffs filed a separate action against Universal Financial Group, Inc., ("Universal"), and that action was removed to the United States District Court for the District of Colorado, in 2009.  In that case, the Honorable Philip A. Brimmer granted summary judgment for Universal.  *Wagner v. Universal Fin.Grp., Inc.*, 09-cv-00038-PAB- BNB, 2010 WL 866079 (D. Colo. March 5, 2010).  Because the 2009 case was based on many of the same factual allegations contained in the present complaint, *see* docket #3, the Court incorporates Judge Brimmer's recitations of undisputed background facts in his Summary Judgment Order as follows:

> This unfortunate story begins with the Wagners investing a substantial sum of money in a real estate venture run by Calvin Pryor. Mr. Wagner met Mr. Pryor at an investment seminar in Westminster, Colorado. In early 2006, after several additional meetings between the two, Mr. Wagner paid Mr. Pryor $150,000 for a stake in an apartment complex operation from which Mr. Wagner was told he would receive income of $55,000 to $59,000 per month for at least a year. These payments never materialized.
>
> In January 2007, Mr. Pryor's attorney, Todd Doss, contacted the Wagners about a purported satisfaction of the debts Mr. Pryor owed them. Mr. Doss represented that a trust belonging to Mr. Pryor would finance this payoff. Because of "wording within Mr. Pryor's trust,"

---

assigned. Fed. R. Civ. P. 72(b).  The party filing objections must specifically identify those findings or recommendations to which the objections are being made.  The District Court need not consider frivolous, conclusive or general objections.  A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a de novo determination by the District Judge of the proposed findings and recommendations.  *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1).  Additionally, the failure to file written objections to the proposed findings and recommendations within fourteen (14) days after being served with a copy may bar the aggrieved party from appealing the factual findings of the Magistrate Judge that are accepted or adopted by the District Court.  *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

the Wagners would be required to refinance their home and a related home equity line of credit into one debt that would then be paid from the trust's funds. The Wagners were told to work with Eureka McKinney at Universal Financial Group, Inc. ("Universal") on the refinancing process.

Ms. McKinney was an entry level employee of Universal, hired in August 2006. Ms. McKinney was also working with, and eventually married, Mr. Pryor. Neither Universal nor the Wagners knew of this relationship at the time of the refinancing. During Ms. McKinney's initial conversation with the Wagners, she allegedly confirmed what Mr. Doss had represented, that the Pryor trust would pay off the refinance loan as soon as it was closed. The Wagners claim that Ms. McKinney also told them that, after closing, they were to wire $15,000 from the loan proceeds directly to her as payment for the trustee's services. The Wagners acknowledge that neither of these terms—the payoff from the trust or the $15,000 fee—were put into writing.

The refinance loan closed as scheduled in late January 2007. The Wagners do not dispute that the loan documents accurately conveyed the basic terms of the loan, e.g., interest rate, finance charge, and payment totals. The loan, made for $291,000, paid the outstanding debts on the property, the closing costs, and the $15,000 "trustee fee." However, despite the Wagners' repeated communications with an employee at the company ostensibly scheduled to make the payoff from the Pryor trust, an employee who the Wagners now believe was actually Ms. McKinney posing as "Angee Price," the payoff never occurred. The Wagners continue to pay on the Universal loan, the terms of which—in particular the 7.875% adjustable interest rate—are less favorable than the terms of the loans that were refinanced.

*Wagner*, 2010 WL 866079, at *1-2.

The Complaint in this case contains the following additional allegations. On January 28, 2007, two days after the Universal loan closed, Plaintiffs faxed a "Notice of Right to Cancel" to Universal. (Docket #3, ¶ 9.) On February 14, 2007, the Universal loan was assigned to Aurora Loan Services LLC, ("Aurora") and Universal informed Plaintiffs that the "Notice of Right to Cancel" was being processed. (*Id.* at ¶¶ 11, 13.) In May 2008, Aurora informed Plaintiffs not to pay the

mortgage. (*Id.* at ¶ 21.) On May 14, 2008, Plaintiffs were informed by the Florida Department of Law Enforcement that Mr. Pryor was incarcerated and being prosecuted for multiple frauds against Plaintiffs. (*Id.* at ¶ 22.) Aurora sent a right to cure letter to Plaintiffs on July 14, 2008. (*Id.* at ¶ 23.) To avoid foreclosure, Plaintiffs entered into a loan modification agreement with Aurora on August 29, 2008. (*Id.* at ¶ 25.)

In September 2011, the following documents were disclosed to Plaintiffs: a March 24, 2007 fax cover sheet indicating Aurora received the Notice of Right to Cancel; a September 28, 2007 letter from Aurora to Universal indicating loan irregularities, and a November 30, 2007 letter from Aurora to the Illinois Attorney General's Office indicating that Plaintiffs were involved in a scam. (*Id.* at ¶ 26.) On September 20, 2013, Defendant Nationstar Mortgage LLC, ("Nationstar") sent Plaintiffs a letter indicating that it had updated their files with the "Notice of Right to Cancel." (*Id.* at ¶ 27.)

Plaintiffs bring the following claims against Universal, Aurora, MERSCORP Holdings, Inc., ("MERSCORP"), Nationstar, and the United States Department of Housing and Urban Development ("HUD") : (1) rescission; (2) quiet title; and (3) fraud or misrepresentation. Defendants[2] contend that the claims should be dismissed because they are barred by claim preclusion, time-barred, and/or fail to state claims for relief. (Docket #13.) Plaintiffs did not respond to the Motion to Dismiss within the time allotted by D.C. Colo. LCivR. 7.1(c), and their untimely response (docket #17) has been stricken from the record. (Docket #20.)

---

[2] For purposes of this Recommendation, "Defendants" refers to Universal, Aurora, MERSCORP, and Nationstar. Defendant HUD has disclaimed any interest in the property, and does not join the Motion to Dismiss. (*See* docket #14.)

On October 10, 2014, nearly five months after Defendants filed their Motion to Dismiss, Plaintiffs filed a Motion for Leave to Amend Complaint ("Motion to Amend"). (Docket #33.) Defendants filed a response to the Motion to Amend on November 3, 2014 and Plaintiffs did not file a reply brief. The Court is now sufficiently advised with regard to both pending motions, and recommends as follows.

## LEGAL STANDARD

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Plausibility, in the context of a motion to dismiss, means that the plaintiff pled facts which allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id. Twombly* requires a two prong analysis. First, a court must identify "the allegations in the complaint that are not entitled to the assumption of truth," that is, those allegations which are legal conclusions, bare assertions, or merely conclusory. *Id.* at 679-80. Second, the Court must consider the factual allegations "to determine if they plausibly suggest an entitlement to relief." *Id.* at 681. If the allegations state a plausible claim for relief, such claim survives the motion to dismiss. *Id.* at 680.

Plausibility refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs 'have not nudged their claims across the line from conceivable to plausible.'" *Khalik v. United Air Lines*, 671 F.3d 1188, 1191 (10th Cir. 2012) (quoting *Robbins v. Oklahoma,* 519 F.3d 1242, 1247 (10th Cir. 2008)). "The nature and specificity of the allegations required to state a plausible claim will vary based on context." *Kansas Penn Gaming, LLC v. Collins,* 656 F.3d 1210, 1215 (10th Cir. 2011). Thus, while

the Rule 12(b)(6) standard does not require that a plaintiff establish a prima facie case in a complaint, the elements of each alleged cause of action may help to determine whether the plaintiff has set forth a plausible claim. *Khalik*, 671 F.3d at 1191.

## ANALYSIS

Defendants' response to Plaintiffs' Motion to Amend raises futility arguments that are the functional equivalent of arguments that Plaintiffs fail to state plausible claims under Fed. R. Civ. P. 12(b)(6). *Gohier v. Enright*, 186 F.3d 1216, 1218 (10th Cir. 1999) ("The futility question is functionally equivalent to the question whether a complaint may be dismissed for failure to state a claim[.]"). Defendants' response brief incorporates by reference their Motion to Dismiss, and many of Defendants' arguments opposing the Motion to Amend are the same as those supporting their Motion to Dismiss. The Court finds it is in the interest of judicial efficiency to first address the Motion to Dismiss before turning to the Motion to Amend.

**I.     Motion to Dismiss**

    A.     Claim Preclusion

Defendants contend the Complaint is barred in its entirety by the doctrine of claim preclusion. The doctrine of claim preclusion will "prevent a party from re-litigating a legal claim that was or could have been the subject of a previously issued final judgment." *MACTEC, Inc. v. Gorelick*, 427 F.3d 821, 831 (10th Cir. 2005). Three elements are required to apply the doctrine of claim preclusion: (1) a final judgment on the merits in an earlier action; (2) identity or privity of the parties in the two suits; and (3) identity of the cause of action in both suits. *Id.* (citing *Wilkes v. Wyo. Dep't of Emp't Div. of Labor Stds.*, 314 F.3d 501, 504 (10th Cir. 2003)). "If these requirements are met, [claim preclusion] is appropriate unless the party seeking to avoid preclusion did not have

a 'full and fair opportunity' to litigate the claim in the prior suit." *Id.* (citing *Yapp v. Excel Corp.*, 186 F.3d 1222, 1227 n. 4 (10th Cir. 1999)).

With respect to the first element, Judge Brimmer issued a final judgment on the merits on March 8, 2014 by granting summary judgment in favor of Universal and dismissing with prejudice each of Plaintiffs' claims. *See Wagner*, 2010 WL 866079, *7. In that case, Plaintiffs asserted the following seven claims for relief: (1) violation of the Colorado Consumer Protection Act (CCCC); (2) violation of Colorado's statute banning unconscionable mortgage practices; (3) fraud; (4) misrepresentation; (5) negligent hiring; (6) negligent training and supervision; and (7) basic negligence. Judge Brimmer concluded that Plaintiffs' claims were based on oral statements a dishonest agent of Universal allegedly made when negotiating an extension of credit, and the claims could not proceed in light of Colorado's credit agreement statute of frauds. *Id.* With regard to the negligence claim, Judge Brimmer held Universal satisfied its duty by accurately disclosing the terms of the refinance loan it was offering. *Id.* Plaintiffs did not appeal that decision. Thus, the first element of claim preclusion is met.

With respect to the second element, the Court must determine whether Aurora, Nationstar and MERSCORP were in privity with Universal, the sole Defendant in the original action. "Privity requires, at a minimum, a substantial identity between the issues in controversy and showing the parties in the two actions are really and substantially in interest the same." *Lowell Staats Min. Co. v. Philadelphia Elec. Co.*, 878 F.2d 1271, 1275 (10th Cir. 1989). Privity "is a label that seeks to convey the existence of a relationship sufficient to give courts confidence that the party in the former litigation was an effective representative of the current party's interests." *Entek GRB, LLC, v. Stull Ranches, LLC*, 763 F.3d 1252, 1258 (10th Cir. 2014). Considered with the factual allegations

7

contained in the Complaint, Defendants' attached exhibits support a finding that Universal is the original lender and Aurora and Nationstar are its successors and assigns. (*See* docket ## 1, 13-2, 13-3.) As subsequent assignees of the debt, Aurora and Nationstar stand in the shoes of the original lender with regard to the property, and are therefore in privity with Universal. *See* Restatement (Second) of Judgments § 43 (1982 )("A judgment in an action that determines interest in real or personal property . . . with respect to the property involved in the action . . . has preclusive effects upon a person who succeeds to the interest of a party to the same extent as upon the party himself.")

Defendant MERSCORP is the corporate parent of Mortgage Electronic Registration Systems, Inc., (MERS) the entity who is a nominee under the deed of trust for the original lender and its successors and assignees. In *Commonwealth Prop. Advocates, LLC v. Mortg. Elec. Registration Sys.*, 680 F.3d 1194 (10th Cir. 2011), the Tenth Circuit addressed the relationship between a lender, its successors, assigns and MERS with regard to the parties' right to foreclose on three Utah properties. *Id.* at 1202-04. In that case, the plaintiff first challenged foreclosure of its properties in Utah state court, naming only MERS as a defendant. *Id.* In the federal case, Plaintiff brought claims against the lender and its successors, in addition to MERS. Defendants did not have an opportunity to raise issue preclusion as a defense in the federal case because the state court's final appellate decision was rendered after the briefing was completed in the Tenth Circuit appeal. *Id.* at 1203 n.11. Nonetheless, the Tenth Circuit noted that "if Defendants had been afforded the opportunity to raise issue preclusion, Plaintiff's claim almost certainly would have been barred under that doctrine." *Id.* In light of the dicta in *Commonwealth*, the Court finds it likely that the Tenth Circuit would find that privity exists between MERSCORP and the original lender to the loan, Universal.

With regard to the third element, the claims need not be identical in both lawsuits; rather, to determine if there is identity of cause of action, the Tenth Circuit has adopted a "transactional approach." *MACTEC, Inc. v. Gorelick*, 427 F.3d 821, 832 (10th Cir. 2005). "Under this approach, a cause of action includes all claims or legal theories of recovery that arise from the same transaction." *Id.*   Here, the same loan transaction regarding the same property forms the basis of Plaintiffs' claims in both actions.   Thus, the Court finds the third element of claim preclusion is satisfied.

Accordingly, the Court recommends dismissing Plaintiffs' claims based on the doctrine of claim preclusion.

B.    Rescission Claim

Recognizing that the District Court may disagree and find Plaintiffs' claims are not barred by the doctrine of claim preclusion, the Court will address Defendants' other arguments for dismissal.

Plaintiffs' first claim seeks relief pursuant to the Truth in Lending Act (TILA) and the CCCC on grounds that Defendants failed to act upon Plaintiffs' "Notice of Right to Cancel." Defendants contend that Plaintiffs' claim is barred by 15 U.S.C. § 1635(f), which imposes a three-year statute of repose.   According to their argument, the loan transaction was completed on January 26, 2007, and Plaintiffs' right to rescind expired on January 26, 2010, over four years before Plaintiffs asserted this claim.

One of the "remedial" rights that TILA accords to consumers is the right to obtain rescission of a loan in equity. *See* 15 U.S.C. § 1635(a).   Specifically, TILA authorizes a borrower whose loan is secured with his "principal dwelling" to rescind the loan transaction entirely "until midnight of

the third business day following the consummation of the transaction or the delivery of the information and rescission forms required . . . together with a statement containing [certain] material disclosures . . ., whichever is later." *Id.* If the required TILA disclosures are never made, then the borrower's right of rescission under § 1635(f) "shall expire three years after the date of consummation of the transaction or upon the sale of the property, whichever occurs first." *Id.* § 1635(f). Section 1635(f) is not a statute of limitations, but rather one of repose. *Rosenfield v. HSBC Bank, USA*, 681 F.3d 1172, 1180 (10th Cir. 2012).

Here, the loan transaction was completed on January 26, 2007, and Plaintiffs faxed a "Notice of Right to Cancel" to Universal on January 28, 2007. However, a borrower's written notice to the bank, by itself, is "not enough to preserve a court's ability to effectuate (or recognize) a recission claim after the three-year period has run." *Id.* Thus, because Plaintiffs filed their TILA claim more than three years after the consummation of the mortgage, their right to rescind no longer exists.

Insofar as Plaintiffs seek damages for Defendants' failure to timely acknowledge the "Notice of Right to Cancel," an action for damages pursuant to TILA must be filed "within one year from the date of the occurrence of the violation." 15 U.S.C. § 1640(e). The Court need not determine whether "the occurrence of the violation" was January 26, 2007 (the date the Universal loan closed), January 28, 2007 (the date Plaintiffs faxed the "Notice of Right to Cancel), or August 29, 2008 (the date Plaintiffs entered into a loan modification agreement) because all of these occurrences put the May 8, 2014 filing of the Complaint well outside the period permitted by the one-year statute of limitations.

Plaintiffs also claim they are entitled to rescind the loan pursuant to CCCC, which authorizes rescission "as provided in [TILA] and regulations thereunder." Colo. Rev. Stat. § 5-5-203. Because CCCC requires compliance with TILA, Plaintiffs claims under CCCC are also time-barred.

Accordingly, should the District Court find Plaintiffs' claims are not barred by claim preclusion, the Court recommends dismissing Plaintiffs' first claim for relief as time-barred.

C.     Quiet Title Claim

Defendants next contend Plaintiffs' quiet title claim should be dismissed because Plaintiffs cannot establish their claim to an unencumbered title is superior to Defendants' encumbrance.

Quiet title actions are governed by Colorado Rule of Civil Procedure 105, which authorizes "[a]n action ... brought for the purpose of obtaining a complete adjudication of the rights of all parties thereto, with respect to any real property and for damages, if any, for the withholding of possession." *Hinojos v. Lohmann*, 182 P.3d 692, 696–97 (Colo. App. 2008) (citing Colo. R. Civ. P. 105(a)). The plaintiff "bears the burden of establishing title in the property superior to that of the defendant." *Hutson v. Agric. Ditch & Reservoir Co.*, 723 P.2d 736, 738 (Colo.1986).

Plaintiffs' quiet title claim requests "a Declaratory Judgement holding that the Universal loan was satisfied, that the 'loan modification' was rescinded or voidable and that Defendants have no legal interest to the real property herein." (Docket #3, ¶ 33.) Plaintiffs' allegations establish that Defendants did not act upon the "Notice of Right to Cancel" and the loan was not rescinded. As determined above, Plaintiffs' right to rescind has expired. Plaintiffs' allegations provide no other basis to quiet title to the property in their favor. Because Plaintiffs have not met their burden of establishing superior title in the property, the Court recommends dismissing their second claim for relief.

D.     Fraud Claim

Finally, Defendants contend that Plaintiffs claim of "fraud or misrepresentation" must be dismissed as to each Defendant because (1) there are no allegations against MERSCORP or Nationstar to sustain a fraud claim; and (2) the claim against Aurora is barred by the statute of limitations.

ii.     MERSCORP and Nationstar

Pursuant to Federal Rule of Civil Procedure 9(b), a more stringent pleading standard is mandated for certain claims, such as fraud or misrepresentation.  "For any claim alleging fraud, the circumstances constituting fraud or mistake must be stated with particularity." *In re Accelr8 Tech. Corp. Secs. Litig.*, 147 F. Supp. 2d 1049, 1054 (D. Colo. 2001) (citing Fed. R. Civ. P. 9(b)).  Thus, with regard to their third claim for relief, Plaintiffs must plead "the who, what, when, where, and how of the alleged fraud" or in other words, "the time, place, and contents of the false representation, the identity of the party making the false statements and the consequences thereof." *United States ex rel. Sikkenga v. Regence Bluecross Blueshield of Utah*, 472 F.3d 702, 726-27 (10th Cir. 2006).  In the District of Colorado, this is required regardless of whether the alleged fraud is an active representation or a passive omission.  *See Tara Woods Ltd. P'ship v. Fannie Mae*, 731 F. Supp. 2d 1103, 1114 (D. Colo. 2010).

The five elements that must be established for a claim of fraud in Colorado are:

(1) concealment of a material existing fact, that in equity and good conscience should be disclosed; (2) knowledge on the part of the one making the representation that it is false; or utter indifference to its truth or falsity; or knowledge that he is concealing a material fact that in equity and good conscience he should disclose; (3) ignorance on the part of the one to whom representations are made or from whom such fact is concealed, of the falsity of the representation or of the existence of the fact concealed; (4) the representation or concealment made or practiced with the intention

12

that it shall be acted upon; and (5) action on the representation or concealment resulting in damage.

*Universal Drilling Co. v. Camay Drilling Co.*, 737 F.2d 869, 872 (10th Cir. 1984) (citing *Morrison v. Goodspeed*, 100 Colo. 470, 68 P.2d 458, 462 (1937)); *see also Ackmann v. Merch. Mortg. & Trust Corp.*, 645 P.2d 7, 13 (Colo. 1982).

The Complaint contains no factual allegations against MERSCORP and mentions the entity only once in the introductory paragraph of the Complaint.  The Complaint mentions MERS (a subsidiary of MERSCORP) once, as follows: "Nationstar wrote a letter to [Plaintiffs] indicating Aurora in fact[ ] received the 'Notice of Right to Cancel' from [MERS]."  (Docket #3, ¶ 27.)  Even substituting MERS for MERSCORP in this single sentence does not establish that MERSCORP intentionally concealed a material fact from Plaintiffs, or that MERSCORP had *any* communication with Plaintiffs.  Accordingly, the Court concludes Plaintiffs have not sufficiently alleged fraud by MERSCORP, and recommends dismissing claim three against it for failure to state a claim.

Plaintiffs' fraud claim includes the following with regard to Nationstar: "[t]hat Nationstar, Freddie Mac or their assignees did not have the rights afforded a holder in due course since the Aurora instrument was taken by purchase in bankruptcy."  (Docket #3, ¶ 38.)  Plaintiffs have not alleged that they filed for bankruptcy,[3] and the factual allegations mention Nationstar only once, stating that it wrote Plaintiffs a letter on September 20, 2013 informing them it had updated its files with the "Notice of Right to Cancel."  (*Id*. at ¶ 27.)  The Court cannot determine any basis for a fraud claim against Nationstar, and recommends dismissing the fraud claim against it.

ii.   <u>Universal and Aurora</u>

---

[3] Defendants cite "judicially noticeable facts" that neither Plaintiffs nor Aurora have ever filed for bankruptcy.  However, while their Motion to Dismiss contains only seven exhibits, they incorrectly cite to exhibits 11 and 12.

Fraud claims are subject to a three-year statute of limitations. Colo. Rev. Stat. § 101(c). Plaintiffs claim that the original loan through Universal was procured through fraud, and that Aurora perpetuated the fraud by threatening to foreclosure unless Plaintiffs entered a loan modification agreement. According to Plaintiffs' allegations, Universal committed fraud on or before January 26, 2007, when the refinance loan closed, and Aurora committed fraud on or before August 29, 2008, when it entered into a loan modification agreement with Plaintiffs. Both of these dates place the May 8, 2014 filing of the claim well outside the three-year statute of limitations. Accordingly, the Court recommends dismissing the claim against Universal and Aurora as time-barred.

## II.     Motion to Amend

A motion for leave to amend a complaint, when not permitted as a "matter of course," Fed. R. Civ. P. 15(a)(1), may be granted only upon "the opposing party's written consent or the court's leave," *id.* 15(a)(2). "The court should freely give leave when justice so requires." *Id.* Still, a court properly may refuse leave to amend "upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Bylin v. Bililngs*, 568 F.3d 1224, 1229 (10th Cir. 2009) (citing *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993)).

The Proposed Amended Complaint seeks to (1) dismiss Defendant HUD because it has disclaimed any interest in the property; (2) add the Federal Housing Finance Agency ("FHFA") as a Defendant; (3) divide the fraud claim into two claims for false representation and deceit based on fraud; and (4) add a civil conspiracy claim and a Fair Credit and Reporting Act claim.

Defendants contend Plaintiffs' Motion to Amend should be denied because the Proposed Amended Complaint is futile. Defendants' futility arguments are the functional equivalent of

arguments that Plaintiffs fail to state plausible claims under Fed. R. Civ. P. 12(b)(6).  *Gohier v. Enright*, 186 F.3d 1216, 1218 (10th Cir. 1999).  The Court will address whether any of the proposed changes overcome its recommendation to dismiss the claims.

First, this Court's analysis regarding claim preclusion applies to the Proposed Amended Complaint.  Thus, this Court recommends denying the Motion to Amend on the basis that claim preclusion also bars the claims set forth in the Proposed Amended Complaint.

Second, the Proposed Amended Complaint contains no factual allegations about the FHFA that impact the substance of the claims.  Both the original Complaint and the Proposed Amended Complaint alleges that Freddie Mac became the new investor of the loan in 2007; Plaintiffs' Motion to Amend asserts that the FHFA is the conservator of Freddie Mac.  The FHFA's alleged interest in the property does not alter the Court's analysis regarding the sufficiency of the claims.

Third, the fraud claims continue to be barred by the three-year statute of limitations.  The Proposed Amended Complaint does not allege any fraudulent activity occurring within three years of the filing of the Complaint.

Fourth, Plaintiffs' civil conspiracy claim is also barred by the statute of limitations.  Civil conspiracy claims share a statute of limitations with the underlying tort.  *See Sterenbuch v. Goss*, 266 P.3d 428, 436 (Colo. App. 2011).  Plaintiffs do not indicate what tort underlies their civil conspiracy claim.  Regardless, this Court has already determined that Plaintiffs' recission and fraud claims are barred by the applicable statutes of limitations.  Additionally, the elements of a civil conspiracy claim require that the underlying acts be unlawful and create an independent cause of action.  *See id*.  Plaintiffs have failed to sufficiently allege an independent cause of action.

Consequently, Plaintiffs' proposed civil conspiracy claim is futile, as it would not survive a motion to dismiss.

Finally, Plaintiffs' proposed Fair Credit and Reporting Act (FCRA) claim is also futile because it fails to state a claim for relief.  Plaintiffs do not indicate under which section of the FCRA their claim arises.   Based on the allegation that Nationstar violated the FCRA "by supplying inaccurate information to credit reporting agencies," the Court presumes Plaintiffs raise a claim under 15 U.S.C. § 1681s–2(b), which provides:

> After receiving notice pursuant to section 1681s-2(b) of this title of a dispute with regard to completeness or accuracy of any information provided by a person or consumer reporting agency, the person shall –
>
> (A) conduct an investigation with respect to the disputed information;
>
> (B) review all relevant information provided by the consumer reporting agency pursuant to section 1681i(a)(2) of this title;
>
> (C) report the results of the investigation to the consumer reporting agency[.]

"Although there is a private right of action to enforce this provision against furnishers, the duty to investigate a dispute only arises after a credit reporting agency notifies the furnisher of the dispute."  *Clark v. Green Tree Servicing LLC*, __ F. Supp. 3d__, __, 2014 WL 4783634 *6 (Sept. 25, 2014); *Sanders v. Mountain Am. Fed. Credit Union*, 689 F.3d 1138, 1147 (10th Cir. 2012) ("When the furnisher receives notice of a dispute from the credit reporting agency, it must perform the verification and correction duties described in 15 U.S.C. § 1681s–2(b).")  Plaintiffs have not alleged that they filed a report with a credit reporting agency, and have not alleged that a credit reporting agency notified Nationstar that its information was in dispute.  Thus, Plaintiffs have failed to state a claim against Nationstar under the FCRA.  *See Pinson v. Equifax Credit Info. Servs., Inc.*,

316 F. App'x. 744, 751 (10th Cir. 2009) ("[B]ecase the amended complaint alleges only that the [Plaintiffs] – not any [consumer reporting agency] – notified Capitol One that its information was in dispute, [Plaintiffs] failed to state a claim against Capitol One under the FCRA.").

Because the Proposed Amended Complaint would not change this Court's recommendation to dismiss the claims, granting the Motion to Amend would be futile. Accordingly, the Court recommends denying Plaintiffs' Motion to Amend.

<h2 style="text-align:center"><u>CONCLUSION</u></h2>

Accordingly, for the reasons stated above, the Court respectfully recommends that Defendants Aurora Loan Services LLC, MERSCORP Holdings, Inc., and Nationstar Mortgage LLC's Motion to Dismiss Plaintiffs' Complaint Pursuant to Fed. R. Civ. P. 12(b)(6) [filed May 29, 2014; docket #13] be **granted**, and Plaintiffs' Motion for Leave to Amend Complaint [filed October 10, 2014; docket #33] be **denied**.

DATED this 18th day of December, 2014, in Denver, Colorado.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge