**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Chief Judge Marcia S. Krieger**

Civil Action No. 14-cv-01297-MSK-MEH

**RORY K. WAGNER; and
JOANN M. WAGNER,**

    Plaintiffs,

v.

**UNIVERSAL FINANCIAL GROUP, INC., a Colorado corporation;
AURORA LOAN SERVICES LLC, a Colorado LLC;
MERSCORP HOLDINGS, INC., a Colorado corporation;
NATIONSTAR MORTGAGE, LLC, a Texas LLC; and
SHAWN DONOVAN, Secretary, U.S. Department of Housing & Urban Development,
Conservator for the Federal Home Loan Mortgage Corporation, a Federal Corporation
and protected person,**

    Defendants.

---

**OPINION AND ORDER GRANTING IN PART AND DENYING IN PART
MOTION TO DISMISS**

---

**THIS MATTER** comes before the Court on the Magistrate Judge's Recommendation (**#50**) to grant the Motion to Dismiss (**#13**) filed by the Defendants and to deny the Motion for Leave to Amend Complaint (**#33**) filed by the Plaintiffs. The Plaintiffs filed an Objection (**#51**) to the Recommendation and the Defendants responded (**#56**).

## ISSUES PRESENTED

In their Complaint (**#1**), Rory and Joann Wagner (the Wagners) assert three claims related to an alleged fraudulent mortgage on their home: (1) Universal Financial Group, Inc. (Universal), Aurora Loan Services, LLC (Aurora), Nationstar Mortgage, LLC (Nationstar), and the U.S. Departement of Housing and Urban Development (HUD) refused to acknowledge or act

upon a Notice of Right to Cancel sent by the Wagners to Universal; (2) the Wagners are entitled to declaratory judgment that "the Universal loan was satisfied, that the 'loan modification' was rescinded or voidable and that Defendants have no legal interest to the real property"; and (3) the original loan through Universal was procured through fraud, Aurora knew the loan was fraudulent and "represented falsely [sic] that the original note and deed of trust were valid and enforceable and subject to foreclosure, unless a modification was signed," and "Nationstar, Freddie Mac or their assignees did not have the rights afforded a holder in due course since the Aurora instrument was taken by purchase in bankruptcy."

Three Defendants—Aurora, MERSCORP Holdings, Inc. (MERSCORP), and Nationstar ("the Defendants")—moved to dismiss (**#13**) claims against them on the grounds that: (1) all of the Wagners' claims are barred by *res judicata*; (2) the Wagners' claim that the Defendants refused to grant the Wagners' rescission request is untimely; (3) the Wagners' are not entitled to declaratory judgment quieting title to the subject property because the Complaint fails to state a claim that their claim to title is superior to that of the Defendants; and (4) the Complaint fails to state a claim that any of the Defendants committed fraud against the Wagners. The Court referred the Motion to the Magistrate Judge for a Recommendation.

The Magistrate Judge recommended (**#50**) that the Court grant the Defendants' Motion to Dismiss on application of the affirmative defense *of res judicata*. The Wagners filed timely Objections (**#51**).[1]

---

[1] The Court notes that, in addition to specific objections to the Magistrate Judge's Recommendation, the Wagners' Objection includes a copy of the Wagners' Response to the Defendants' Motion to Dismiss (**#17**) which was stricken by the Magistrate Judge (**#23**) for being untimely.

## **FACTS**

The following facts are derived from the allegations of the Wagners' Complaint.

**A. The Loan's Timeline**

In January 2007, the Wagners took out a loan from the Universal Financial Group ("Universal") to refinance their home. The loan closed on January 26, 2007, with a note in the principal amount of $291,000, secured by a deed of trust against the Wagner home. Two days after the closing, Mr. Wagner faxed a "Notice of Right to Cancel" to Universal.

On February 14, 2007, the following occurred: (1) Universal informed the Wagners that the Notice of Right to Cancel was being processed; (2) the Wagners returned $291,000 to Universal via wire transfer; and (3) the loan was assigned to Aurora[2].

But, then on February 19, 2007, Universal informed Mr. Wagner that it no longer had the loan and that he should contact Aurora about it. On March 9, 2007, Aurora notified the Wagners that (1) a $50,000 check was returned to Universal because of a mistaken account number, (2) the Wagners were behind on their payment due March 1, 2007, and (3) any alleged right to cancel was of no consequence. On March 30, 2007, Freddie Mac became the "New Investor" of this loan.

Although Aurora had told the Wagners in January 2008 that the note was enforceable, its posture changed in May 2008. Then, it advised the Wagners not to pay the mortgage. Changing posture once again, on July 14, 2008, it sent a right to cure letter stating that the deed of trust would be foreclosed.

---

[2] There is some confusion as to the date of assignment and what was assigned. The Complaint states that the loan was 'transferred" on 1/26/2007, and also that the note was assigned "effective March 1, 2007". However, it is clear that Universal received notice of rescission before Aurora acquired rights in the note.

3

The Wagners cured the past-due mortgage payments, and entered into a "Loan Modification" with Aurora on August 29, 2008.

Four years later (September 2011), the Wagners learned that Aurora had received the Wagners' Notice of Right to Cancel on March 24, 2007, that it had contacted Universal on September 28, 2007 about irregularities with the Wagners' loan, and that Aurora informed the Illinois Attorney General's Office on November 30, 2007 that the Wagners were involved in a scam.

### B. Allegations with regard to Prior Fraud

The Complaint also contains numerous allegations that Universal procured the loan through fraud. According to the Complaint, the Wagners had been victims of identity left in 2006 by Calvin Pryor.  In 2007, an attorney informed the Wagners that a trust had been set up to repay them and others whose funds had been misappropriated. The attorney told the Wagners in order to receive compensation from the trust, they would have to refinance their home, and that a Ms. McKinney would contact them for that purpose. Ms. McKinney contacted the Wagners and arranged their refinancing with Universal in January 2007 which required payment of additional sums to facilitate the refinancing. Ms. McKinney turned out to be involved in a personal relationship with Calvin Prior.

### C. Prior Litigation

In October 2008, the Wagners initiated an action in state court against Universal, which was removed to this Court on January 2009.  In that case, Civil Action No. 09-cv-00038 (*Wagner I*), the Wagners asserted several claims against Universal related to the January 2007 loan: (1) that Universal violated the Colorado Consumer Protection Act, C.R.S. § 6-1-101; (2) Universal violated C.R.S. § 38-40-105; (3) that Universal violated its duty to disclose material

4

facts to the Wagners before issuing them the loan; (4) that Universal misrepresented the terms of the loan; (5) that Universal was negligent in hiring Ms. McKinney; (6) that Universal negligently trained, retained, and supervised Ms. McKinney; and (7) that Universal was negligent. The Court entered summary judgment in Universal's favor on all of the claims asserted by the Wagners.[3]

## STANDARD OF REVIEW

When a magistrate judge issues a recommendation on a dispositive motion, the parties may file specific, written objections within fourteen days after being served with a copy of the recommendation. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The district court reviews *de novo* determination those portions of the recommendation to which a timely and specific objection is made. *See United States v. One Parcel of Real Prop. Known as 2121 E. 30th St.,* 73 F.3d 1057, 1060 (10th Cir. 1996).

In reviewing a motion to dismiss pursuant to Rule 12(b)(6), the Court must accept all well-plead allegations in the Complaint as true and view those allegations in the light most favorable to the nonmoving party. *Stidham v. Peace Officer Standards and Training*, 265 F.3d 1144, 1149 (10th Cir. 2001), *quoting Sutton v. Utah State Sch. For the Deaf & Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999). The Court must limit its consideration to the four corners of the Complaint, any documents attached thereto, and any external documents that are referenced in the Complaint and whose accuracy is not in dispute. *Oxendine v. Kaplan*, 241 F.3d 1272, 1275 (10th Cir. 2001); *Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 941 (10th Cir. 2002).

---

[3] The parties later reached a settlement regarding Universal's counterclaims against the Wagners and stipulated that the action be dismissed with prejudice. (**#51**)

A claim is subject to dismissal if it fails to state a claim for relief that is "plausible on its face." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009).  To make such an assessment, the Court first discards those averments in the Complaint that are merely legal conclusions or "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 1949-50.  The Court takes the remaining, well-pled factual contentions, treats them as true, and ascertains whether those facts support a claim that is "plausible" or whether the claim being asserted is merely "conceivable" or "possible" under the facts alleged. *Id.* at 1950-51.  What is required to reach the level of "plausibility" varies from context to context, but generally, allegations that are "so general that they encompass a wide swath of conduct, much of it innocent," will not be sufficient. *Khalik v. United Air Lines*, 671 F.3d 1188, 1191 (10th Cir. 2012).

**ANALYSIS**

**A.  MERSCORP, Nationstar, and HUD**

The Complaint makes scant reference to MERSCORP, Nationstar, and HUD. Specifically, the Complaint alleges:

- "In September 20, 2013, Nationstar wrote a letter to Wagners C/O Law Offices of Frederick Newall, indicating they had updated their files with the 'Notice of Right to Cancel' from Mortgage Electronic Registration System (MERS). Acknowledging 'This form displayed a signature by Rory K. Wagner and a date of January 28, 2007.'";
- "Nationstar and HUD have either refused to acknowledge or to act upon the Plaintiffs' 'Notice of Right to Cancel,' or both";

- "Nationstar, Freddie Mac or their assignees did not have the rights afforded a holder in due course since the Aurora instrument was taken by purchase in bankruptcy, pursuant to § 4-3-302(c), C.R.S.";

These allegations are conclusory, and fail to state what interest in property or obligation Nationstar, Freddie Mac or their assignees (if any) have. Consequently, they fail to state any cognizable claim against MERSCORP, Nationstar, and HUD. The claims against such Defendants are dismissed, with leave for the Wagners to amend their complaint.

### B. Aurora

The Defendants argue that the Wagners' claims against Aurora should be dismissed because they are precluded under the doctrine of *res judicata* and (2) untimely under the Truth In Lending Act (TILA). Assertion of the doctrine of *res judicata* and application of statute of limitation are affirmative defenses. Fed. R. Civ. Pro. 8(c)(1). A ruling on an affirmative defense is appropriate under a Rule 12(b)(6) motion if the defense appears plainly on the face of the complaint itself. *See, e.g.*, *Miller v. Shell Oil Co.*, 345 F.3d 891, 893 (10th Cir. 1965). Here, the Defendants present evidence outside the pleadings for the Court's consideration.

The Court could convert this Motion to one for summary judgment pursuant to Fe. R. Civ. Pro 56, but declines to do so for several reasons. First, the application of the doctrine of *res judicata* requires a careful analysis of what claims were asserted and what claims could have been asserted in the prior litigation, as well as what parties were in privity with Universal at the time such litigation was brought. Lack of clarity in the Complaint as to these facts prevents determination of such defense on a Motion to Dismiss.

In addition, both defenses are potentially impacted by resolution of the legal question of whether the Wagners effectively rescinded their loan with Universal in 2007. The actions

necessary to rescind under TILA were recently addressed in *Jesinoski v. Countrywide Home Loans, Inc.*, 135 S.Ct. 790 (2015). Neither party has addressed its impact on the claims asserted here.

The parties should not misread this Order to suggest that all or any claims will withstand a motion for summary judgment challenge asserting the doctrine of *res judicata*. That may not be the case. This Order simply reserves the determination of such affirmative defense to a later time, when the parties can fully address the factual and legal issues. Thus, the Court denies the Defendants' Motion to Dismiss as to the claims against Aurora.

### C. Motion for Leave to Amend Complaint

Also before the Court is the Wagners' First Motion for Leave to Amend Complaint (**#33**). The proposed amended complaint seeks to (1) dismiss HUD as a defendant; (2) add the Federal Housing Finance Agency as a defendant; (3) separate the Wagners' fraud claim into separate claims for false representation and deceit; (4) add a civil conspiracy claim; and (5) add a Fair Credit Reporting Act claim. The Magistrate Judge Recommended that the Court deny this motion because the proposed amendment would be futile. The Wagners did not object to this portion of the Recommendation, however the Court notes that it was premised on the finding that such claims were barred by the doctrine of *res judicata*.

Upon *de novo* consideration, the Court grants this Motion, in part, and denies it in part. The Complaint may be amended to dismiss HUD and add the Federal Housing Finance Agency, providing that sufficient factual allegations are made to state what interest the Federal Housing Finance Agency has in the property or obligation it has to the Wagners. Claims for false representation and deceit may not be amended, as such are simply restyling. A civil conspiracy

claim and Fair Credit Reporting Act claim may be added, however the Court urges restraint in adding claims in light of the pendency of the affirmative defense of *res judicata*.

## CONCLUSION

For the foregoing reasons**,** the Court declines to adopt the Magistrate Judge's Recommendation (**#50**).  The Court **GRANTS IN PART, and DENIES IN PART,** the Motions for Leave to Amend Complaint (**#33**) and Motion to Dismiss (**#13**).  An Amended Complaint, if any, shall be filed within 14 days of the date of this Order.

Dated this 23rd day of March, 2015.

**BY THE COURT:**

_____

Marcia S. Krieger
Chief United States District Judge